Case 1:26-cv-05093-JGK Document 16 Filed 08/26/26 Page 1 of 5

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE CHOBANI SERVING SIZE LITIGATION | Case No.: 1:2026-cv-05093-JGK |

**~~[PROPOSED]~~ ORDER APPOINTING PLAINTIFFS' LEADERSHIP STRUCTURE AND APPOINTING RULE 23(g) INTERIM CLASS COUNSEL**

Having reviewed and considered the Letter-Motion by Plaintiffs, Hale Knox, Yolanda Pitre, Mikaela Kinderman, and Jana Rabinowitz, ("Plaintiffs"), for appointment of Interim Co-Lead Counsel and Interim Liaison Counsel, in the above captioned litigation (the "Matter") and for good cause shown, the Court hereby orders as follows:

Under Fed. R. Civ. P. 23(g)(3), a court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Under Rule 23(g)(l) a court considers "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(l)(B).

Counsel have demonstrated they are qualified and responsible and will fairly and adequately represent Plaintiffs and the other Class members. Counsel have further demonstrated that they have the resources, commitment, and ability to command respect of their colleagues and work cooperatively with all plaintiffs' counsel, opposing counsel, and the Court. Further, counsel have demonstrated that they have: (1) a willingness and ability to commit to a time-consuming

litigation and settlement process; (2) the ability to work cooperatively with others; (3) professional experience in this type of litigation; and (4) access to sufficient resources to advance the litigation in a timely manner.

The Court hereby appoints the following attorneys to serve as "Plaintiffs' Executive Committee" ("PEC"):

| | |
|---|---|
| Jason P. Sultzer<br>Sultzer & Lipari, PLLC<br>85 Civic Center Plaza, Ste. 200<br>Poughkeepsie, New York 12601<br>Tel: 845-244-5595<br>sultzerj@thesultzerlawgroup.com | Ben Barnow<br>Barnow and Associates, P.C.<br>205 West Randolph Street, Suite 1630<br>Chicago, Illinois 60606<br>Tel: 312-621-2000<br>b.barnow@barnowlaw.com |
| Brett R. Cohen<br>Leeds Brown Law, P.C.<br>134 Mineola Boulevard<br>Mineola, New York 11501<br>Tel: 516-873-9550<br>bcohen@leedsbrownlaw.com | Alexander E. Wolf<br>Milberg, PLLC<br>280 South Beverly Drive, Penthouse<br>Beverly Hills, California 90212<br>Tel: 872-365-7060<br>awolf@milberg.com |
| Nick Suciu III<br>Bryson Harris Suciu & DeMay PLLC<br>6905 Telegraph Rd., Suite 115<br>Bloomfield Hills, Michigan 48301<br>Tel: 616-678-3180<br>nsuciu@brysconpllc.com | |

The Court further appoints PEC member, Jason P. Sultzer, of Sultzer & Lipari, PLLC, to serve as Liaison Counsel. His duties and responsibilities are identified below.

The PEC shall assume responsibility for the following duties:

1. Directing, coordinating, and supervising prosecution of Plaintiffs' and the other Class members' claims, including the drafting and filing of any amended/consolidated class action complaint, the briefing of any motion to dismiss by any Defendant(s), as well as any class

certification motion, and any matters pertaining thereto;

2. Determining and presenting to the Court and Defendant Plaintiffs' position in the litigation on all matters, substantive and procedural, arising from these proceedings;

3. Organizing, initiating, and conducting discovery, including, without limitation:

a. coordinating discovery with Defendant's counsel;

b. preparing and finalizing written interrogatories, requests for production of documents, and requests for admission;

c. directing and coordinating the examination of witnesses in depositions; and

d. retaining, coordinating the selection of, and preparing experts.

4. Communicating with the Court;

5. Communicating with Defendant's counsel;

6. Entering into stipulations with Defendant's counsel, as necessary;

7. Conducting any trial(s) and appeals in this litigation;

8. Informing other Plaintiffs' counsel of the progress of the litigation and seeking consultation where necessary concerning decisions of consequence to their clients;

9. Monitoring the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

10. Evaluating all work assigned to other Plaintiffs' counsel in this litigation and allocating and distributing any fees awarded in this litigation to all such counsel in amounts that reflect their relative contributions to the litigation, as solely determined by the PEC, or to agree and move for the appointment of a Special Master to aid counsel and the Court in allocating and determining any fees and reimbursement of costs;

11. Negotiating settlement with Defendant's counsel, absent a subsequent Court Order;

or decision by the PEC appointing a negotiating committee; and

12. Performing such other duties as are necessary in connection with the prosecution of this litigation or as may be further directed by the Court.

Any discussions of a settlement of this litigation shall be conducted by the PEC and any other counsel that the PEC may designate. No motion shall be initiated or filed on behalf of any plaintiff in this action except through the PEC or by leave of the Court.

Liaison counsel must promptly serve a copy of this Order and all future orders on counsel for Plaintiffs in each related action not yet consolidated in this proceeding to the extent that the PEC is aware of any such action(s).

Liaison Counsel shall assume responsibility for the following duties:

1. Coordinate, schedule, and monitor the activities of the leadership team, as well as to perform other necessary administrative or logistical tasks;

2. Serve as the recipient for all Court Orders;

3. Coordinate services and filings;

4. Maintain and distribute to co-counsel and to Defendant's Counsel a current service list;

5. Make himself (or his designee(s)) available for any telephone conferences convened by the Court and communicate the substance of any such conference to all other Plaintiffs' counsel;

6. Receive and distribute pleadings, Orders, and motions;

7. Maintain and make available to all Plaintiffs' counsel of record at reasonable hours a complete file of all documents served by or upon each party (except as such documents as may be available at a document depository); and

8. Perform such other duties as the Court may order.

Under no circumstances is the PEC or Liaison Counsel responsible for the filings, discovery, or any other issue or matter related to an individual plaintiff's case or claim. More specifically, neither the PEC, Liaison Counsel, nor any individual attorney on the PEC, is in any way responsible for the attorney-client relationship and duties and responsibilities that each individual attorney or law firm owe their own client(s) with respect to this litigation.

It shall be the responsibility of all parties and their counsel to stay apprised of the litigation and to review and abide by all orders entered by the Court.

The PEC also satisfies the Rule 23(g)(3) requirements for appointment as Interim Class Counsel. The Court finds, based on the letter-motion, that the members of the PEC have demonstrated that they investigated potential claims; have robust experience in handling class actions and other complex litigation; have sufficient knowledge of applicable consumer protection law; and have ample resources to commit to representing the class. *See* Fed. R. Civ. P. 23(g). The leadership applications demonstrate to the Court that these firms have been working cooperatively together to investigate factual and legal claims and have the requisite experience and resources to litigate the case to trial, if necessary.

IT IS HEREBY ORDERED.

Signed this 28 day of August , 2026

This order is without prejudice to any determination the Court may make that the number of counsel for the plaintiffs is excessive such that attorneys' fees should not be awarded for any unnecessary or duplicative work.

/s/ John G. Koeltl

Hon. John G. Koeltl